IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Vantage, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 6:08-2765-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Vantage Travel Service, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant Vantage Travel Service, Inc.'s motion to dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficient service of process. For the reasons stated below, the court denies the motion to dismiss.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

This case involves a trademark dispute over the mark "VANTAGE" ("mark"). The Plaintiff owns and operates a local travel agency specializing in international travel. According to the Plaintiff, it began using the mark in 1976 in Europe and 1981 in the United States. (Pl.'s Mem. Opp'n Mot. Dismiss 1.) The Defendant operates a business "Vantage Deluxe World Travel" that was founded in 1983 and is located in Boston, Massachusetts. (Id.)

The Plaintiff submitted an application to the United States Patent and Trademark Office ("USPTO") for registration of the mark for "travel services, namely, making reservations and bookings for transportation, providing cruise ship services and rental of cars, providing travel information, and arranging travel tours" on February 8, 2006. (Compl. ¶ 13.) The USPTO published the application, and on July 2, 2008, the Defendant filed a Notice of Opposition to the

1

registration of the mark with the United States Trademark Trial and Appeal Board ("opposition proceeding"). (Id. ¶ 15.) According to the Plaintiff, settlement discussions to resolve the opposition proceeding began in July 2008 and continued through January 2009. (Pl.'s Mem. Opp'n Mot. Dismiss Ex. A (Timothy St. Clair ("St. Clair") Aff. ¶¶ 5, 9-10).)

The Plaintiff filed the complaint in the instant action on August 6, 2008, alleging violations of the Lanham Act, 15 U.S.C. § 1125(a), "based on its right to the exclusive use of the VANTAGE mark and based upon Defendant's infringement of that right." (Id. 3.) The "Plaintiff also seeks a declaratory judgment that its use of the VANTAGE mark does not infringe or dilute any trademarks owned by the Defendant, violate any rights of the Defendant, or cause any damage to the Defendant." (Id.)

On December 22, 2008, the Plaintiff moved for an extension of time in which to serve the Defendant. The next day, the court granted the Plaintiff's motion and afforded the Plaintiff 60 days to effect service. The Plaintiff served the Defendant on January 30, 2009, within this time frame.

## II. DISCUSSION OF THE LAW

The Defendant moves to dismiss without prejudice for insufficient service of process because the Plaintiff did not serve it with the summons and complaint within 120 days as required by Rule 4(m) of the Federal Rules of Civil Procedure. Rule 4(m) states:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The Defendant argues that the Plaintiff has failed to show good cause under Rule 4(m) for an extension relying on Mendez v. Elliott, 45 F.3d 75, 78 (4th Cir. 1995), which held that "if the complaint is not served within 120 days after it is filed, the complaint must be dismissed absent a showing of good cause." However, the holding in Mendez is arguably no longer viable because although the 1993 amendments were plainly substantive, the Fourth Circuit treated the language of Rule 4(m) as identical to former Rule 4(j) without any explanation. Id.

The advisory notes to Rule 4(m) provide that "the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown. Such relief formerly was afforded in some cases, partly in reliance on Rule 6(b)." The United States Supreme Court in United States v. Henderson, noted that "in 1993 amendments to the Rules, courts have been accorded discretion to enlarge the 120-day period [in Rule 4(m)] 'even if there is no good cause shown.'" 517 U.S. 654, 662-63 (1996). The Fourth Circuit questioned its holding in Mendez in Scruggs v. Spartanburg Regional Medical Center, in finding that based on Henderson, "the district court, in its discretion, could have extended the time for proper service of process, notwithstanding its apparent belief to the contrary." No. 98-2364, 1999 WL 957698, at *2 & n.2 (4th Cir. Oct. 19, 1999) (unpublished). Further, Mendez has been called into question by other district courts. In Hammad v. Tate Access Floors, Inc., 31 F. Supp. 2d 524, 526 (D. Md. 1999), the court noted that "the continued vitality of Mendez is seriously in doubt." The court discussed Henderson and concluded:

3

> Although the specific issue before the Court in Henderson was not whether Rule 4(m) permits the district court to grant discretionary extensions of time for service of process, the Court's explication of the meaning of Rule 4(m) nevertheless was important to its holding and, in this court's opinion, should be followed by the lower federal courts.
>
> In light of the Supreme Court's clear explication of the meaning of Rule 4(m) in Henderson to allow discretionary extensions of time for service of process, in conjunction with the other circuit court's unanimous rejection of the Mendez court's position, this court concludes that Mendez is no longer good law and that, if given the opportunity, the Fourth Circuit perforce would adopt the interpretation of Rule 4(m) held by the Supreme Court and the other circuit courts.

Id. at 527-28; Cane Creek Cycling Components, Inc. v. Tien Hsin Indus. Co., No. 1:07cv133, 2007 WL 3028321, at *5 (W.D.N.C. Oct. 15, 2007) (unpublished) (noting that "Mendez is simply not good law when courts interpret the good cause requirements, or lack thereof, in cases applying Rule 4(m) post amendment").

The Plaintiff moved for an extension of time to effect service of the summons and complaint on the Defendant 138 days after the complaint was filed (18 days after the 120-day time period set forth in Rule 4(m)). The Plaintiff alleged in its motion that it needed more time because the parties were engaged in settlement negotiations. After review, the court granted a 60-day extension and the summons and complaint was served on the Defendant within this time period. In light of the case law discussed above, the Plaintiff was not required to show good cause for the extension and the court in its discretion extended the deadline. Further, the Plaintiff is not required to show excusable neglect pursuant to Rule 6(b) of the Federal Rules of Civil Procedure because Rule 4(m) envisions that an order to serve the summons and complaint within a particular time would occur after the expiration of the 120-day deadline. See Rule 4(m) (stating that "[i]f a defendant is not served within 120 days after the complaint is filed" the court

must either dismiss the case without prejudice or order that service be made within a particular time).  The Plaintiff served the Defendant with the summons and complaint on January 30, 2009, within the 60-day time frame.  Therefore, the Defendant was properly served.

Further, to the extent <u>Mendez v. Elliott</u>, 45 F.3d 75, 78 (4th Cir. 1995), remains good law, the court finds that the Plaintiff has shown good cause.  The Plaintiff delayed in serving the Defendant because it was pursuing settlement negotiations.  In its motion for extension of time to serve the summons and complaint, the Plaintiff requested the extension because the parties were "engaged in an opposition proceeding before the United States Trademark and Appeal Board . . . involving the same trademark, in which some or all of the issues involved in the case at bar may be resolved and during which the dispute between the parties may be settled."  (Pl.'s Mot. Extension Time 1.)  The Defendant argues that settlement negotiations had ceased in October 2008 prior to the expiration of the 120-day deadline because of the Plaintiff's "extreme position" regarding settlement.  (Def.'s Mem. Supp. Mot. Dismiss Ex. A (Douglas Verge Aff. ¶¶ 4-6).)  As a result, the Defendant submits that it immediately moved forward with discovery in the opposition proceeding.  (<u>Id.</u>)  Therefore, the Defendant alleges that the Plaintiff has failed to show good cause.  However, this argument is belied by the fact that the Defendant discussed the possibility of mediation with the Plaintiff in January 2009.  (Pl.'s Mem. Opp'n Mot. Dismiss Ex. A (St. Clair Aff. ¶¶ 10-11).)  The Plaintiff's counsel states in his affidavit that

> in my judgment it would have been beneficial to postpone by sixty days either the voluntary dismissal of this action or the service of it upon the Defendant, either for the possibility that the dispute could be resolved or to avoid more of Defendant's litigation tactics.  During this period of time, the parties had served against each other interrogatories and production requests.  I had hoped that, upon receipt of our responses to his discovery and after receiving our own discovery requests, Attorney Verge [the Defendant's counsel] would have both the juncture

> and cause to revise his settlement position and perhaps get this dispute resolved. Indeed, after receipt of our answers to his thirty-one interrogatories and responses to his seventy-five production requests, and also after receipt of our discovery requests, on January 26 Attorney Verge called my office and spoke with my law partner, Sarah Hurley, about mediation.

(Id. Ex. A (St. Clair Aff ¶ 9).) Further, the Plaintiff alleges that based on the "interest in settlement expressed by the Defendant's lawyer, Plaintiff's counsel reasonably anticipated that the parties would continue to discuss settlement." (Id. 8.) The facts of this case are distinguishable from Mendez, where the Fourth Circuit affirmed the district court's finding of no good cause because the record showed that plaintiff had no serious, good faith settlement negotiations before expiration of the 120-day period. 45 F.3d at 80. The parties in the instant case engaged in good faith settlement negotiations over an extended period of time. Further, there is no evidence of any prejudice to the Defendant. Based on the foregoing, the court finds that good cause did exist to warrant the extension that the court granted to effect service of process.

Therefore, it is

**ORDERED** that the Defendant's motion to dismiss the Plaintiff's complaint without prejudice, docket number 12, is denied.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.<br>
United States District Judge

Greenville, South Carolina

March 20, 2009