IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Vantage, Inc., | ) | |
| | ) | C.A. No. 6:08-2765-HMH |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Vantage Travel Service, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Vantage Travel Service, Inc.'s ("Vantage Travel") renewed motion for summary judgment. For the reasons below, the court grants in part and denies in part Vantage Travel's renewed motion for summary judgment.

**I. FACTUAL & PROCEDURAL BACKGROUND**

This case arises from the parties' dispute over the trademark "VANTAGE" (hereinafter "VANTAGE Mark"). The facts of this case are set forth in the court's April 18, 2010 Order denying in part and granting in part Vantage Travel's motion for summary judgment and are incorporated herein by reference.

Vantage, Inc. ("Vantage") filed the instant suit on August 6, 2008, and served Vantage Travel on January 30, 2009. Vantage Travel filed a trademark infringement action in the United States District Court for the District of Massachusetts on February 18, 2009 ("Massachusetts Action"). The Massachusetts Action has been stayed pending the outcome of this action. An amended complaint was filed April 1, 2009. Vantage Travel filed a motion for summary judgment on February 26, 2010, which was granted in part and denied in part on April 8, 2010.

1

Vantage Travel filed a second motion for summary judgment on June 28, 2010, arguing that it is entitled to summary judgment because Vantage has no evidence of any damages. Vantage's memorandum in opposition was filed July 15, 2010. Vantage Travel filed a reply on July 26, 2010. Vantage filed a sur reply on July 27, 2010. This matter is now ripe for consideration.

## II. Discussion of the Law

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in the non-movant's favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

Moreover, "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

## B. Damages

Vantage Travel argues that it entitled to summary judgment because Vantage has failed to provide any evidence of damages on its trademark infringement claims. The Lanham Act entitles a prevailing plaintiff to damages, subject to equitable principles, including: (1) defendant's profits, (2) plaintiff's damages, and (3) the costs of the action. 15 U.S.C. § 1117(a). A "finding of actual losses is [not] a prerequisite to an award of damages." Shell Oil Co. v. Commercial Petroleum, Inc., 928 F.2d 104, 108 (4th Cir. 1991). "[E]quitable damages, as measured by the infringer's profits, can be awarded to the trademark owner without proof of actual loss." Id. In addition, a "plaintiff seeking relief under the Lanham Act is not required to prove the amount of its damages with exacting specificity." PBM Products, Inc. v. Mead Johnson & Co., 174 F. Supp. 2d 424, 430 (E.D. Va. 2001).

With respect to actual damages, Renato Vicario ("Vicario"), the owner of Vantage, testified that he observed a "deep drop" in business from travel agents beginning approximately 2007. (Pl. Mem. Opp'n Renewed Summ. J. Ex. 1 (Vicario Dep. 18-19).) Around that time, Vicario learned of the existence of Vantage Travel as a result of misdirected inquiries from travelers and travel agents. (Id. Ex. 1 (Vicario Dep. 89-92).) Vantage submits that it pays commissions to travel agents and Vantage Travel does not. (Id. Ex. 1 (Vicario Dep. 92).) Vicario testified that he learned that travel agents did not want to conduct business with Vantage because of the confusion. (Id. Ex. 1 (Vicario Dep. 92).) Further, Vantage submits that as a result of the confusion, it had to "increase[] [its] direct mail campaign to travel agents around the country [and] incurred additional costs in excess of $13,000 for the lease of a professional copier that would produce professional brochures and advertising materials." (Id. Ex. 4 (Janette Wesley

3

("Wesley") Aff. ¶ 9).) In addition, Vantage argues that additional sales agents were hired beginning in 2007 to attend trade shows, which cost "[m]ore than $100,000 in payroll and expenses." (Pl. Mem. Opp'n Renewed Summ. J. Ex. 4 (Wesley Aff. ¶¶ 7 -8).) Finally, Vantage submits that it has incurred $40,000 in damages from 2006 until 2008 from hiring an outside advertising agency to promote the business locally and nationally. (Id. Ex. 2 (Sue Schafer Aff., generally & Ex. A).)

When the court denied Vantage Travel's first motion for summary judgment, discovery on damages was ongoing. The parties have now completed discovery. Although Vantage has provided evidence of marketing costs and testimony of a decline in business, Vantage has failed to provide any evidence that the decline in business was proximately caused by Vantage Travel. "To recover damages under the Lanham Act, [the plaintiff] must first establish that there has been a Lanham Act violation, then must prove actual damages and a causal link between those damages and the Lanham Act violation." Xoom, Inc. v. Imageline, Inc., 323 F.3d 279, 286 (4th Cir. 2003), abrogated by Reed Elsevier, Inc. v. Muchnick, 130 S. Ct. 1237 (U.S. 2010); Babbit Elecs., Inc. v. Dynascan Corp., 38 F.3d 1161, 1182 (11th Cir.1994) (stating that a Lanham Act claim requires evidence that the plaintiff "suffered actual damages," meaning that "'the loss was caused by defendants' actions'"). In a Lanham Act claim, "the plaintiff may not recover [damages] if he fails to prove that the defendant's actions caused the claimed harm." Otis Clapp & Son, Inc. v. Filmore Vitamin Co., 754 F.2d 738, 745 (7th Cir. 1985). Vantage has failed to provide any evidence that ties the "deep drop" in business or the marketing costs to Vantage Travel's use of the VANTAGE Mark. Moreover, Vantage agrees that a number of factors have contributed to the decline in business including the growth of the internet, airlines cutting

commissions, the terrorist attacks of September 11, 2001, and a decline in travel agent requests. (Def. Mem. Supp. Renewed Summ. J. Ex. C (Vicario Dep. 40).) Vicario testified that he did not know whether the customer confusion had caused any damage:

> Q. Okay. Did your company lose any business as a function of these misdirected calls?
> A. It could be. It's not quantifiable because I don't have any way to do that, but it could be.
> Q. How could it be?
> A: Obviously, some of these calls were actually travel agents that wanted to know, that have seen something online, and obviously, they wouldn't call us afterwards or whatever, you know, because we didn't offer that particular service . . . .

(Id. Ex. C (Vicario Dep. 91).) Vantage has not provided the court with any evidence that Vantage Travel proximately caused Vantage to suffer actual damages. Therefore, Vantage Travel's motion for summary judgment on Vantage's claim for actual damages is granted.

Vantage submits that it is also entitled to recover profits. Section 1117(a) provides that "[i]n assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed." Vantage has provided evidence of Vantage Travel's gross sales during the relevant time period. (Pls. Mem. Opp'n Renewed Summ. J. Ex. 5 (Harry Melikian Dep. 11-13, 17-18).) However, Vantage Travel argues that Vantage's claim for profits fails because Vantage has failed to provide any evidence that Vantage Travel acted in bad faith. (Def. Reply Supp. Summ. J. 8 (citing Western Diversified Services, Inc. v. Hyundai Motor America, Inc., 427 F.3d 1269, 1272-73 (10th Cir. 2005) ("Given the punitive nature of the remedy and the possible windfall to the plaintiff, the potential for inequity is necessarily heightened when a party seeks a profit award in the absence of actual damages. To that end, we require a showing that Defendant's actions were willful to support an award of

profits.")).); Motor City Bagels, LLC v. The American Bagel Co., 50 F. Supp. 2d 460, 488 (D. Md. 1999) ("To recover the . . . profits under 15 U.S.C. § 1117(a), [a party] has the burden of proving . . . bad faith . . . . In other words, [a party] must show . . . 'willful deception before the infringer's profits are recoverable by way of an accounting.'" citing George Basch Co. v. Blue Coral, Inc., 968 F.2d 1532, 1540 (2d Cir. 1992)); Black & Decker (U.S.) Inc. v. Pro-tech Power Inc., 26 F. Supp. 2d 834, 855 n.12 (E.D. Va. 1998) ("Courts have held that when a defendant's infringement is deliberate and willful, an accounting of profits is proper under a theory of unjust enrichment.").

However, the Fourth Circuit found that willfulness is not required and noted:

[A]lthough willfulness is a proper and important factor in an assessment of whether to make a damages award, it is not an essential predicate thereto . . . . In other words, a lack of willfulness or bad faith should weigh against an award of damages being made, but does not necessarily preclude such an award.

Synergistic Intern., LLC v. Korman, 470 F.3d 162, 175 (4th Cir. 2006) (considering whether court erred in failing to consider equitable principles in awarding damages based on defendant's profits less costs and deduction) (internal citations omitted). Based on the foregoing, the court finds that a showing of bad faith is not a prerequisite to an award of the infringer's profits. Thus, Vantage Travel's motion for summary judgment on Vantage's claim for Vantage Travel's profits is denied.

Further, Vantage is seeking injunctive relief. Before an injunction will be granted, a plaintiff must demonstrate:

(1) that it has suffered an irreparable injury;
(2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury;

(3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and
(4) that the public interest would not be disserved by a permanent injunction.

eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006); see Super Duper, Inc. v. Mattel, Inc., Civil Action No. 6:05-1700-HFF-WMC, 2009 WL 866461, at *1 (D.S.C. Mar. 31, 2009) (unpublished) (applying eBay factors to a trademark infringement case); Buzz Off Insect Shield, LLC v. S.C. Johnson & Son, Inc., 606 F. Supp. 2d 571, 598 (M.D.N.C. 2009) (applying eBay factors in infringement case). "The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court, reviewable on appeal for abuse of discretion." eBay, 547 U.S. at 391. "[I]rreparable injury regularly follows from trademark infringement." Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc., 43 F.3d 922, 939 (4th Cir. 1995). "[A] presumption of irreparable injury is generally applied once the plaintiff has demonstrated a likelihood of confusion, the key element in an infringement case." Lorillard Tobacco Co. v. S & M Brands, Inc., 616 F. Supp. 2d 581, 587 (E.D. Va. 2009). Irreparable injury can be shown "by demonstrating actual consumer confusion" and "specific instances of customer complaints from the confusion." Lone Star Steakhouse, 43 F.3d at 939. Further, the inadequacy of other remedies can be shown by evidence that a monetary award would not remedy future infringement and would not prevent ongoing reverse confusion. Buzz Off, 606 F. Supp. 2d at 599. Vantage has provided evidence of specific instances of actual consumer confusion and complaints as a result of the confusion. (Pls. Mem. Opp'n Renewed Summ. J. Mot. Ex. 1 (Vicario Dep. 89-95).) Further, the court previously held in its April 8, 2010 Order that a genuine issue of material fact existed concerning the likelihood of confusion over the VANTAGE Mark. (April 8, 2010 Order,

generally)).) Based on the foregoing, the court denies Vantage Travel's motion for summary judgment on Vantage's request for a permanent injunction.

Therefore, it is

**ORDERED** that Vantage Travel's motion for summary judgment, docket number 91, is granted in part and denied in part.

**IT IS SO ORDERED**.

                                                s/Henry M. Herlong, Jr.
                                                Senior United States District Judge

Greenville, South Carolina
August 2, 2010